UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>MARCO SOLE,<br><br>　　Defendant. | Case No. 2:23-CR-015-GSL-JEM |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. Defendant, Marco Sole, filed a Motion for Return of Property [DE 188] on December 29, 2025.[1] In that motion, Sole is requesting the return of personal property pursuant to Federal Rule of Criminal Procedure 41(g). *See* [DE 188].

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). The Seventh Circuit Court of Appeals has explained that "a motion under Rule 41(g) for the return of property obtained in a search . . . [is] a civil proceeding subject to" "the payment of a filing fee, and, since he is a prisoner, the limitations on prisoner civil rights suits imposed by the Prison Litigation Reform Act, 28 U.S.C. § 1915." *United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004); *see also Abu-Shawish v. United States*, 888 F.3d 726, 736 (7th Cir. 2018) (explaining that "a motion under Federal Rule of Civil Procedure 41(g) for return of seized

---

[1] The Court ordered the Government to file its response to Defendant's Motion [DE 188] by January 20, 2026. *See* [DE 190].

property … is an ancillary proceeding … [and therefore,] … a petitioner … must pay a filing fee").; *see also United States v. Taylor*, 975 F.2d 402, 403 (7th Cir. 1992) (explaining that orders resolving motions under Rule 41(g) are treated as civil for purposes of appeal).

Based on the plain language of Rule 41(g), as well as the clear instruction from the Seventh Circuit, Defendant's 41(g) Motion [DE 188] docketed in this case, should be used to open a new civil case and the filing fee should be resolved.

For the foregoing reasons, the Court hereby:

    1. **STRIKES** Docket Entry 188 from the docket in this criminal case;

    2. **RESCINDS** its Order [DE 190] directing the Government to file its response to Docket Entry 188;

    3. **DIRECTS** the Clerk to docket Defendant's Motion for Return of Property [DE 188] in a new civil case assigned to the undersigned as the presiding judge with Marco Sole as Plaintiff and United States of America as Defendant;

    4. **DIRECTS** the Clerk to docket this Order in the new civil case;

    5. **DIRECTS** the Clerk to place the cause number of the newly opened case on a blank AO 240 (Rev. 7/10) (INND Rev. 8/16) Prisoner Motion to Proceed In Forma Pauperis form and send it to Plaintiff, Marco Sole;

    6. **ORDERS** Marco Sole, Plaintiff in the newly opened case, to resolve the filing fee by paying $405.00 to the Clerk of Court or by filing a motion to proceed in forma pauperis on or before **February 2, 2026**;

    7. **CAUTIONS** Marco Sole that if he does not resolve the filing fee by the above-mentioned deadline, the civil case will be dismissed without further notice.

SO ORDERED.

ENTERED: January 7, 2026

                                              /s/ GRETCHEN S. LUND
                                              Judge
                                              United States District Court